IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM MEADOWS AND JEANIE     *
MEADOWS,     *
    *
Plaintiffs,     *
    *     CASE NO. 1:05cv1091-m
    *
vs.     *
    *
THE MEGA LIFE AND HEALTH     *
INSURANCE COMPANY, AND ITS     *
AGENT, MICHAEL JOSHUA MILFORD,     *
ET AL.,     *
    *
Defendants.     *

**DEFENDANT THE MEGA LIFE AND HEALTH INSURANCE COMPANY'S**
**ANSWER TO COMPLAINT**

COMES NOW, Defendant The MEGA Life and Health Insurance Company (the "Defendant"), by and through its undersigned counsel, and in response to the Complaint filed on behalf of the Plaintiffs, says as follows:

1.    Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph no. 1 of Plaintiffs' Complaint; therefore, Defendant cannot admit or deny same.

2.    Defendant admits that it is a corporation organized and existing under the laws of the State of Oklahoma with its principal place of business in the State of Texas and that it conducts business in Alabama. Defendant further admits that substantially all of its health insurance products are sold through independent contractor agents associated with Defendant who directly sell certain health insurance products to prospective insureds. Defendant denies each and every remaining allegation contained in paragraph no. 2 of Plaintiffs' Complaint and demands strict proof thereof.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph no. 3 of Plaintiffs' Complaint that relate to the residency of Defendant Michael Joshua Milford; therefore, Defendant cannot admit or deny same.   Defendant denies each and every remaining allegation contained in such paragraph and demands strict proof thereof.

4.     Defendant denies each and every allegation contained in paragraph no. 4 of Plaintiffs' Complaint and demands strict proof thereof.

5.     Defendant admits that this Federal Court has jurisdiction over this action.  The remaining allegations in paragraph no. 5 of Plaintiffs' Complaint do not require a response by Defendant.

## BACKGROUND FACTS

6.     Defendant admits that on March 12, 2002, Plaintiffs applied for a MEGA Health Choice Benefit Plan, which was sold by independent contractor agent Michael Joshua Milford. Defendant also admits that such coverage was provided through group policy no. 00384 issued to the  National Association for the Self-Employed, Inc. ("NASE"), with William V. Meadows being the primary insured and Jeanie L. Meadows being the covered dependent.   Defendant denies each and every remaining allegation contained in paragraph no. 6 of Plaintiffs' Complaint and demands strict proof thereof.

7.     Defendant admits that it was provided information about Plaintiffs' medical conditions, and that when Defendant accepted Plaintiffs for coverage, it was necessary to attach an exclusionary endorsement to the coverage as a result of those medical conditions. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the

remaining allegations contained in paragraph no. 7 of Plaintiffs' Complaint; therefore, Defendant cannot admit or deny same.

8.    Defendant admits that it received a check made payable to "NASE" for $580.00 in payment of the initial premium for the insurance certificate, NASE dues and a one-time administration fee.   Defendant denies each and every remaining allegation contained in paragraph no. 8 of Plaintiffs' Complaint and demands strict proof thereof.

9.    Admitted.

10.    Admitted.

11.    The certificate number for the coverage issued by Defendant to Plaintiffs is 053301047.   The certificate number may also be referenced as 09053301047.

12.    Defendant admits that Plaintiffs were issued a Basic Hospital/Medical-Surgical Expense Certificate underwritten by Defendant, which was issued for the benefit of the primary insured, William V. Meadows and the covered dependent, Jeanie L. Meadows.

13.    Defendant admits that it received a claim for William V. Meadows for the date of service of April 19, 2005, assigned claim number FA2448201, which was related to Mr. Meadows' medical condition that is the subject of the exclusionary endorsement to his coverage of insurance.  Defendant denies each and every remaining allegation contained in paragraph no. 13 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT I

(Breach of Contract)

14.    Defendant expressly adopts and realleges each and every response to the allegations contained in paragraph nos. 1 through 13 of Plaintiffs' Complaint, as set forth fully herein.

15.    Defendant admits that Plaintiffs were issued a Basic Hospital/Medical-Surgical Expense Certificate underwritten by Defendant, the terms and conditions of which are outlined therein, which was provided to the Plaintiffs.    Defendant denies each and every remaining allegation contained in paragraph no. 15 of Plaintiffs' Complaint and demands strict proof thereof.

16.    Defendant admits that Plaintiff William V. Meadows submitted a claim for insurance benefits for the date of service of April 19, 2005, in the amount of $794.00.

17.    Defendant admits that it provided a letter dated May 10, 2005, to Plaintiff William V. Meadows regarding the handling of a claim for insurance benefits, noting that the claim fell within the scope of the exclusionary endorsement issued with the coverage. Defendant denies each and every remaining allegation contained in paragraph no. 17 of Plaintiffs' Complaint and demands strict proof thereof.

18.    Plaintiffs' insurance certificate remains in effect until December 7, 2005; thus, Plaintiffs continue to be eligible for benefits under such insurance certificate.  Defendant denies each and every remaining allegation contained in paragraph no. 18 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT II

### (Bad Faith Denial)

19.    Defendant expressly adopts and realleges each and every response to the allegations contained in paragraph nos. 1 through 18 of Plaintiffs' Complaint, as set forth fully herein.

20.    Defendant denies each and every allegation contained in paragraph no. 20 of Plaintiffs' Complaint and demands strict proof thereof.

21.    Defendant denies each and every allegation contained in paragraph no. 21 of Plaintiffs' Complaint and demands strict proof thereof.

22.    Defendant denies each and every allegation contained in paragraph no. 22 of Plaintiffs' Complaint and demands strict proof thereof.

23.    Defendant denies each and every allegation contained in paragraph no. 23 of Plaintiffs' Complaint and demands strict proof thereof.

24.    Defendant denies each and every allegation contained in paragraph no. 24 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT III

### (Fraud)

25.    Defendant expressly adopts and realleges each and every response to the allegations contained in paragraph nos. 1 through 24 of Plaintiffs' Complaint, as set forth fully herein.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph no. 26 of Plaintiffs' Complaint; therefore, Defendant cannot admit or deny same.

27.    Defendant denies each and every allegation contained in paragraph no. 27 of Plaintiffs' Complaint and demands strict proof thereof.

28.    Defendant denies each and every allegation contained in paragraph no. 28 of Plaintiffs' Complaint and demands strict proof thereof.

29.    Defendant denies each and every allegation contained in paragraph no. 29 of Plaintiffs' Complaint and demands strict proof thereof.

30.    Defendant denies each and every allegation contained in paragraph no. 30 of Plaintiffs' Complaint and demands strict proof thereof.

31.    Defendant denies each and every allegation contained in paragraph no. 31 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT IV

### (Fraudulent Misrepresentation)

32.    Defendant expressly adopts and realleges each and every response to the allegations contained in paragraph nos. 1 through 31 of Plaintiffs' Complaint, as set forth fully herein.

33.    Defendant denies each and every allegation contained in paragraph no. 33 of Plaintiffs' Complaint and demands strict proof thereof.

34.    Defendant denies each and every allegation contained in paragraph no. 34 of Plaintiffs' Complaint and demands strict proof thereof.

35.    Defendant denies each and every allegation contained in paragraph no. 35 of Plaintiffs' Complaint and demands strict proof thereof.

36.    Defendant denies each and every allegation contained in paragraph no. 36 of Plaintiffs' Complaint and demands strict proof thereof.

37.    Defendant denies each and every allegation contained in paragraph no. 37 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT V

### (Fraudulent Suppression)

38.     Defendant expressly adopts and realleges each and every response to the allegations contained in paragraph nos. 1 through 37 of Plaintiffs' Complaint, as set forth fully herein.

39.     Defendant denies that it failed to disclose any material facts relating to the Basic Hospital/Medical-Surgical Expense Certificate issued to Plaintiffs, and specifically denies that it breached any duty owed to Plaintiffs in this regard.

40.     Defendant denies each and every allegation contained in paragraph no. 40 of Plaintiffs' Complaint and demands strict proof thereof.

41.     Defendant admits that it had knowledge of the terms and conditions of the Basic Hospital/Medical-Surgical Expense Certificate issued to Plaintiffs as did the Plaintiffs.

42.     Defendant denies each and every allegation contained in paragraph no. 42 of Plaintiffs' Complaint and demands strict proof thereof.

43.     Defendant denies each and every allegation contained in paragraph no. 43 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT VI

### (Outrage)

44.     Defendant expressly adopts and realleges each and every response to the allegations contained in paragraph nos. 1 through 43 of Plaintiffs' Complaint, as set forth fully herein.

45.     Defendant denies each and every allegation contained in paragraph no. 45 of Plaintiffs' Complaint and demands strict proof thereof.

46.    Defendant denies each and every allegation contained in paragraph no. 46 of Plaintiffs' Complaint and demands strict proof thereof.

47.    Defendant denies each and every allegation contained in paragraph no. 47 of Plaintiffs' Complaint and demands strict proof thereof.

48.    Defendant denies each and every allegation contained in paragraph no. 48 of Plaintiffs' Complaint and demands strict proof thereof.

49.    Defendant denies each and every allegation contained in paragraph no. 49 of Plaintiffs' Complaint and demands strict proof thereof.

## FIRST DEFENSE

Each and every allegation in Plaintiffs' Complaint directed to Defendant fails to state a claim against Defendant for which relief may be granted.

## SECOND DEFENSE

Plaintiffs' allegations of fraud and misrepresentation are not alleged with sufficient particularity to satisfy the requirements of Federal Rule of Civil Procedure 9(b); thus, Plaintiffs' Complaint is due to be dismissed.

## THIRD DEFENSE

Plaintiffs' Complaint fails to plead special damages with specificity as required by Federal Rule of Civil Procedure 9(g).

## FOURTH DEFENSE

Defendant did not make any misrepresentations of material fact to Plaintiffs.

## FIFTH DEFENSE

Plaintiffs did not reasonably or justifiably rely on any alleged representations made by Defendant to Plaintiffs.

**SIXTH DEFENSE**

Defendant has not breached any duties that were or are owing by Defendant to the Plaintiffs by virtue of the MEGA insurance certificate that is at issue.

**SEVENTH DEFENSE**

Plaintiffs are not entitled to any damages or benefits beyond those benefits provided by the MEGA insurance certificate that is at issue. Plaintiffs, having received the benefits of the subject contract, are estopped or otherwise precluded from avoiding the obligations and/or provisions of such contract.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

**NINTH DEFENSE**

Defendant is entitled to a set-off and credit for any and all sums paid to or on either Plaintiff's behalf by any other party or collateral source as a result of or related to this lawsuit. To the extent that any damages claimed by Plaintiffs have been, or will be, indemnified in whole or in part, from any other party or collateral source, any verdict or judgment against Defendant must be reduced by those amounts pursuant to Ala. Code § 6-5-522.

**TENTH DEFENSE**

Plaintiffs' bad faith claim violates MEGA's right to a jury trial as guaranteed by the Alabama Constitution.

**ELEVENTH DEFENSE**

The imposition of damages pursuant to Plaintiffs' bad faith claim violates the equal protection guarantees of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6 and 22 of the Declarations of Rights of the Alabama Constitution.

## TWELFTH DEFENSE

Defendant cannot be held liable for punitive damages for the intentional wrongful conduct or conduct involving malice based upon acts or omissions of its agents, servants or employees, pursuant to Ala. Code § 6-11-27.

## THIRTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Section 6 of the Alabama Constitution, because the authorization for unlimited punitive damage awards violates Defendant's right to substantive due process and has a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and access to the courts.

## FOURTEENTH DEFENSE

The imposition of punitive damages in this case would violate the equal protection clauses of Amendments V and XIV of the United States Constitution and would deprive Defendant of the right to equal protection under the laws as provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants in the same case or in different cases.

## FIFTEENTH DEFENSE

Plaintiffs seek punitive damages in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in one or more of the following respects:

(1) the punitive damages claimed are or may be vastly disproportionate to any actual damages;

(2) the award of punitive damages would constitute an arbitrary and capricious taking of Defendant's property, a taking which is unjustified by any rational state purpose; and (3) the award of punitive damages would violate Defendant's substantive due process rights.

## SIXTEENTH DEFENSE

The award of punitive damages claimed by Plaintiffs under current Alabama procedure would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, to the Constitution of the United States and Article I, Sections 1, 6 and 22 of the Alabama Constitution, separately, on each of the following separate and several grounds:  (1) the procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing; (2) the procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors; (3) the procedures fail to provide a limit on the amount of the award against Defendant; (4) the procedures permit multiple awards of punitive damages for the same alleged act or omission; (5) the procedures fail to provide a clear and consistent appellate standard of review of any award of punitive damages; and (6) the procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined.

## SEVENTEENTH DEFENSE

The procedures pursuant to which punitive damages are awarded subject Defendant to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1 and 6 of the Alabama Constitution.

## EIGHTEENTH DEFENSE

Plaintiffs' demand for punitive damages violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate governmental interest.

## NINETEENTH DEFENSE

Plaintiffs' demand for punitive damages violates the Fifth Amendment to the United States Constitution, which prohibits deprivation of life, liberty or property except by due process of law, in that the claim for punitive damages is vague and not rationally related to any legitimate governmental interest.

## TWENTIETH DEFENSE

Plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Article I, Section 6, providing that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate governmental interest.

## TWENTY-FIRST DEFENSE

Plaintiffs' demand for punitive damages and Alabama's punitive damages law are unconstitutional under the Constitution of the State of Alabama, Article I, Section 6, and are unconstitutional under the Fifth Amendment to the United States Constitution, in that the damages claimed are penal in nature, while Defendant is compelled to disclose documents and/or other evidence against its interests under the rules of discovery and evidence without the constitutional safeguard against self-incrimination set out in said passages.

## TWENTY-SECOND DEFENSE

The assessment and adjudication against Defendant of any punitive damages other than those measured according to its sole, individual wrongdoing would be improper and impermissible.

## TWENTY-THIRD DEFENSE

While Defendant denies that it is liable for any conduct that would support an award of punitive damages, Defendant pleads the legislative cap on punitive damages contained in Ala. Code § 6-11-21 (Supp. 1990). Defendant further claims all of the benefits and limitations of Ala. Code §§ 6-11-20 through 6-11-30 as to punitive damages.

## TWENTY-FOURTH DEFENSE

The imposition of punitive damages against Defendant in an amount exceeding any actual or potential harm by an excessive and/or unconstitutional ratio violates Defendant's substantive due process rights as guaranteed by the United States Constitution.

## TWENTY-FIFTH DEFENSE

The imposition of punitive damages under Alabama's current system fails to provide "fair notice" to Defendant that the alleged wrongful conduct could subject Defendant to punishment, and also fails to provide "fair notice" of the severity of the punishment that the State could impose through an award of punitive damages. This lack of "fair notice" violates Defendant's due process rights, both procedural and substantive, as guaranteed by the United States Constitution.

## TWENTY- SIXTH DEFENSE

The imposition of punitive damages against Defendant in this case, if any, violates Defendant's due process rights as guaranteed by the United States Constitution because the

award of punitive damages is excessive in light of the following criteria: (1) the degree of reprehensibility of the defendant's alleged wrongful conduct; (2) the disparity between the harm or potential harm and the punitive damage award; and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in other cases.

## TWENTY-SEVENTH DEFENSE

The procedure for determining punitive damages specified under Alabama law violates Defendant's right to due process, and otherwise violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, because the procedure for determining punitive damages under Alabama law does not provide meaningful guidance to a jury in the determination of an appropriate punitive damages award and does not constrain a jury or otherwise reduce the risk of an arbitrary or grossly excessive punitive damages verdict.

## TWENTY- EIGHTH DEFENSE

The imposition of punitive damages under Alabama law would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1, 6 and 22 of the Alabama Constitution, in each of the following ways:

(a)    Alabama law permits the imposition of unlimited punitive damages that are vastly disproportionate to any actual or compensatory injury, thereby violating the Fourteenth Amendment to the United States Constitution.

(b)    Disproportionate punitive damages constitute an arbitrary and capricious taking of property, which is unjustified by any rational governmental interest, thereby violating the Fifth and Fourteenth Amendments to the United States Constitution.

(c)    The award of any punitive damages without specific standards to guide the jury's discretion in determining the amount of damages is contrary to due process under the Fourteenth Amendment to the United States Constitution.

(d)    Alabama does not provide a reasonable limit on the amount of any punitive damages award, thus violating the Fourteenth Amendment to the United States Constitution.

(e)     The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment to the United States Constitution.

(f)     Alabama fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments to the United States Constitution.

(g)     Alabama law permits civil punishment upon a standard of proof less than that required for the imposition of criminal sanctions.

(h)     Alabama law permits joint and several punishment of defendants who are guilty of different acts and degrees of culpability.

(i)     Alabama law permits multiple awards of punitive damages for the same alleged act or omission.

(j)     Alabama law permits the award of punitive damages in an amount that constitutes an "excessive fine" thereby violating Defendant's Eighth Amendment rights.

## TWENTY-NINTH DEFENSE

On May 14, 2001, the United States Supreme Court released its opinion in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), and after citing the constitutional excessiveness protections contained in the Eighth Amendment to the United States Constitution, held that the amount of punitive damages "is not really a fact 'tried' by the jury," and the right to a jury trial is therefore not implicated. Consequently, Plaintiffs' demand for a jury trial to the extent that they seek the jury to award punitive damages should be stricken.

## THIRTIETH DEFENSE

Defendant affirmatively pleads the defenses and protections set forth in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 123 Sup. Ct. 1513 (2003). Any award of punitive damages exceeding a three-to-one

15

ratio of punitive damage to compensatory damage is patently unconstitutional. *See Acceptance Insurance Co. v. Brown*, 832 So. 2d 1 at \*24 (Ala. June 29, 2001).

## THIRTY-FIRST DEFENSE

Plaintiffs are not entitled to recover to the extent that any damages were caused by Plaintiffs' failure to mitigate their damages, or in the alternative, Plaintiffs' claims are barred by Plaintiffs' failure to mitigate damages.

## THIRTY-SECOND DEFENSE

The award of any damages under the allegations of the Complaint would violate the prohibition against laws that impair the obligations of contracts in violation of the Contract Clause, Article I, Section 10, cl. 1, of the United States Constitution and Article I, Section 22 of the Alabama Constitution, in that Plaintiffs' claims are in derogation of the express terms contained in the MEGA insurance certificate that forms the basis of the claims against Defendant and contractually agreed upon by Plaintiffs and Defendant.

## THIRTY-THIRD DEFENSE

Defendant states that the transactions which are the subject of this action were voluntarily undertaken and that Plaintiffs had an obligation and opportunity to read all documents presented to or signed by Plaintiffs, that Plaintiffs knowingly entered into the transactions having either understood the transactions or having failed to avail themselves of the opportunity to understand the transactions, and that said transactions are now complete.

## THIRTY-FOURTH DEFENSE

The alleged wrongful conduct was not perpetrated by any agent, servant, or employee of Defendant within the line and scope of his or her employment or agency for Defendant, and

Defendant did not authorize, ratify, or in any way participate in any of the alleged wrongful conduct.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrines of laches, waiver, contributory negligence, statute of frauds, parol evidence rule, estoppel, unclean hands and/or failure to read.

## THIRTY-SIXTH DEFENSE

All allegations contained in Plaintiffs' Complaint that are not specifically admitted are denied.

## THIRTY-SEVENTH DEFENSE

Defendant would affirmatively show that any damages or injuries suffered by Plaintiffs, if any, were due to Plaintiffs' own actions or inactions and Plaintiffs cannot recover any amount from Defendant and that the sole proximate cause of any injuries or damages was the result of Plaintiffs' own actions or inactions.

## THIRTY-EIGHTH DEFENSE

Plaintiffs may have filed for bankruptcy protection under the laws of the United States, and their claims may have been waived or discharged. In that event, those claims are property of the bankruptcy estate, and Plaintiffs lack standing to pursue them. Defendant affirmatively pleads all rights, defenses and limitations available under the United States Bankruptcy Code and rules promulgated thereunder.

## THIRTY-NINTH DEFENSE

Plaintiffs have asserted claims seeking damages for alleged mental anguish and emotional distress. Absent a showing of actual physical injury or physical manifestation of mental anguish/emotional distress, Plaintiffs are not entitled to recover damages for such alleged

mental anguish unless Plaintiffs produce evidence proving that the alleged mental anguish was so severe that an ordinary person would not be expected to endure it, *i.e.*, the same standard applied for the tort of outrage claims.

## FORTIETH DEFENSE

Defendant adopts all other affirmative defenses asserted by any other defendant to the extent they are applicable to the claims stated against Defendant.

## FORTY-FIRST DEFENSE

Defendant reserves the right to amend its Answer and assert such additional defenses as may be available upon the development of facts in the discovery process or otherwise in the course of this litigation and under applicable substantive law.

WHEREFORE, having fully answered, Defendant prays that Plaintiffs' Complaint filed herein against it will be dismissed on its merits and with prejudice to the bringing of any further action at the cost of Plaintiffs.

JAMES W. LAMPKIN II (LAMPJ7474)
PAMELA A. MOORE (MOORP5421)
Attorneys for Defendant
The MEGA Life and Health Insurance Company

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

<u>CERTIFICATE OF SERVICE</u>

       I certify that I have served a copy of the foregoing on counsel for Plaintiffs via Federal Express, properly addressed as follows:

Gary D. Bradshaw, Esq.
210 E. Grubbs Ave.
Enterprise, AL  36330


Done this 11th day of November, 2005.

_____
COUNSEL