IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM MEADOWS AND HIS WIFE JEANIE MEADOWS, ) ) ) | |
| PLAINTIFFS, ) ) ) | |
| VS. ) ) | CASE NO. 1:05-CV1091-M |
| THE MEGA LIFE AND HEALTH INSURANCE COMPANY, AND THEIR AGENT, MICHAEL JOSHUA MILFORD, AND A, B, C, AND X, Y, Z, ) ) ) ) ) ) | |
| DEFENDANTS. ) | |

RECEIVED
2005 DEC 13 P 2:49
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## MEMORANDUM OF LAW
## IN SUPPORT OF
## MOTION TO REMAND

Plaintiffs William Meadows and wife, Jeanie Meadows, are residents of the Elba Division of Coffee County, Alabama, and have been at all times material to this action.

Defendant Mega Life and Health Insurance Company is a non-resident entity doing business in Alabama and maintains a substantial presence in Alabama through numerous agents who travel to the homes of prospective clients creating significant contacts within Alabama, and have done so at all times material to this action.

Defendant Michael Joshua Milford is a resident of the State of Alabama and at all times material to this action was employed as an agent for Defendant Mega Life and Health Insurance Company. Defendant Michael Joshua Milford traveled to the homes of prospective clients creating significant contacts within Coffee County, Alabama, by selling insurance policies on behalf of Defendant Mega Life and Health Insurance Company

## SUMMARY

On or about March 12, 2002, Plaintiffs William Meadows and Jeanie Meadows were visited by Defendant Michael Joshua Milford, who was acting in a representative capacity as an agent for Defendant Mega. During this visit Defendant Milford "wrote up" an application for basic hospital/medical-surgical expense certificate to be issued by MEGA to Group Policyholder NASE (National Association of the Self Employed - group policy number 00384) for the benefit of the Primary Insured, William V. Meadows and his covered dependant, Jeanie L. Meadows, the Plaintiffs.

Plaintiffs William V. Meadows and his covered dependant, Jeanie L. Meadows, have at all times material to this action paid and continue to pay premiums to Mega Life and Health Insurance Company for health care coverage under the above referenced policy.

On or about April 19, 2005, Plaintiff William V. Meadows filed a claim (Claim Number FA2448201) under the terms of the policy as represented to him by Defendants. Said claim was subject to an exclusionary rider under the policy that the Plaintiffs reasonably believed was satisfied by the passage of two (2) years; the requisite time quoted by Defendant Milford that must pass before the Plaintiffs were covered for the exclusions. The claim was denied and Plaintiffs filed a Complaint in the Circuit Court of Coffee County, Alabama, Elba Division for Breach of Contract; Bad Faith Denial; Fraud; Fraudulent Misrepresentation; Fraudulent Suppression and Outrage. These are all State Law claims with Fraudulent Misrepresentation and Fraudulent Suppression being claims available at common law.

## ARGUMENT

**I.    DIVERSITY OF CITIZENSHIP**

Defendant, Mega states in their Notice of Removal that "This Court has diversity jurisdiction

pursuant to the provisions of 28 U.S.C.§ 1332 in that the <u>properly joined</u> (Emphasis added) parties are all residents and citizens (both individual and corporate) of different states, and the amount in controversy exceeds the jurisdiction requisite of $75,000.00 exclusive of interest and costs."

Plaintiffs admit the amount in controversy exceeds the jurisdiction requisite of $75,000.00 exclusive of interest and costs.

Plaintiffs aver that this Honorable Court does not have complete diversity jurisdiction pursuant to 28 U.S.C. 1332 due to Defendant Michael Joshua Milford and Plaintiffs William Meadows and wife, Jeanie Meadows, being a citizens of the State of Alabama. In <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353 (11th Cir. 03/20/1996), the U.S. Court of Appeals, Eleventh Circuit, it is stated:

> [38] Diversity jurisdiction under 28 U.S.C., § 1332 requires complete diversity–every plaintiff must be diverse from every defendant. <u>Palmer v. Hospital Authority of Randolph County</u>, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing <u>Strawbridge v. Curtiss</u>, 7 U.S 267, 3 <u>Cranch</u> (7 U.S.) 267, 2 L.Ed. 435 (1806).

Defendant Mega also states this action is removable to this Honorable Court pursuant to 28 U.S.C.§ 1441. Plaintiffs aver that this is not an action arising under the Constitution, treaties or laws of the United States and therefore is not removable pursuant to 28 U.S.C.§ 1441. This action is based solely upon State Law claims and falls under 28 U.S.C.§1441(b) which states "Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendant Michael Joshua Milford is a citizen of the State of Alabama causing this action to be immune to removal.

II.   **FRAUDULENT JOINDER**

Defendant Mega states in their Notice of Removal that "Plaintiffs have fraudulently and improperly joined Milford in this action in an effort to defeat diversity of citizenship." Plaintiffs William Meadows and Jeanie Meadows aver that Michael Joshua Milford is a proper and viable

Defendant in this cause of action and that as an agent and representative for Defendant Mega he is jointly and severally liable for the wrongs inflicted upon the Plaintiffs. Defendant Milford acted as an extension of Defendant Mega by perpetuating their wrongful acts in Alabama as their agent.

In TKI, Inc. v. Nichols Research Corp., 191 F.Supp.2d 1307, 1311, (N.D.Ala. 03/12/2002) the Court states:

> "[43] The burden of proving fraudulent joinder rests with the Defendants as the removing parties. See Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983), superceded by statute on other grounds as stated in Georgetown Manor, Inc. v.Ethan Allen Inc., 991 F.2d 1533 (11th Cir. 1993). In this case the Defendants must show that there is "no possibility the Plaintiffs could establish a cause of action" against Hodge. See Triggs v. John Crump Toyota, Inc., 154 F3d 1284, 1287 (11th Cir. 1998). A claim of fraudulent joinder must be supported by clear and convincing evidence,. See Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962), cert denied, 376 U.S. 949 (1964); see also Bolling, 900 F.Supp. At 406. In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the Plaintiff. See Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). In fact, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff...."Id.
>
> "[45] In Crowe, the Eleventh Circuit explained that, under fraudulent joinder analysis, a plaintiff need not show that he could survive in the district court on a motion for summary judgment. Instead, after drawing all reasonable inferences from the record in favor of Plaintiff and resolving all contested issues of fact in favor of the Plaintiff, there need only be a reasonable basis for predicting that state law might impose liability on the facts involved, Crowe, 113 F.3d at 1541, 1542. The court further stated that a district court is to stop short of adjudicating the merits of cases, Id. At 1542."

The U.S. Court of Appeals for the Fifth Circuit in New Orleans created a new requirement for establishing fraudulent joinder. The Court states "a diversity case is not removable under a fraudulent joinder theory if the grounds for asserting fraudulent joinder is also a complete defense to the claims asserted against the nonresident defendants." Collins v. American Home Products Corporation, 343 F.3d 765, 2003 U.S. App 18614 (5th Cir. Miss., 2003); 125 S.Ct.1823; 161 L. Ed.2d

755; 2005 U.S. Lexis3213; 73 U.S.L.W. 3621, ( cert. denied), (2005).

In Pacific Mutual Life Insurance Company v. Haslip, 553 So.2d 537, 538, (Ala. 1989), 499 U.S. 1 (1991), the Supreme Court of Alabama states that a principal may be liable for it's agent under the doctrine of respondeat superior in Alabama, as follows:

> "The Supreme Court of Alabama has repeatedly stated that a corporation is liable for the torts of its employees, both agent and servant, based upon the principle of respondeat superior, not the doctrine of agency. 'The factual question to be determined is whether the act complained of was done either by agent or servant while acting within the course and scope of his employment; the corporation or principal may be liable in tort for the acts of its servants or agents done within the scope of employment, real or apparent, even though it did not authorize or ratify such acts or even expressly forbade them.' Autry [Autrey] v. Blue Cross & Blue Shield of Alabama, 481 So.2d 345, 347-48, (Ala. 1985), National States Ins. Co. v. Jones, 393 So.2d 1361, 1367, (Ala. 1980) (quoting from Old Southern Life Ins. Co. v. McConnell, 52 Ala. App. 589, 296 So.2d. 183, 186, (1974). The courts have further held the principal liable for his agent's fraud committed within the actual or apparent scope of his employment, even where the fraud was committed strictly for the agent's own benefit and to the principal's detriment. Henderson v. Croom, 403 F.Supp. 668 (1975)..."

> "As the above cases illustrate, the bulk of Alabama's law holds that a principal may be held liable in respondeat superior for the fraud of its agents. The issue as to whether Ruffin was an agent for Pacific Mutual was properly given to the jury to decide, as was the abandonment-of-agency issue. Pacific Mutual Life Insurance Company v. Haslip, 553 So.2d 537, 541, (Ala.1989)."

On appeal, the U. S. Supreme Court held that:

> "(a) Holding petitioner responsible for Ruffin's acts did not violate substantive due process. The jury's finding that Ruffin was acting within the scope of his apparent authority as an agent of petitioner when he defrauded respondents was not disturbed by the State Supreme Court and is amply supported by the record. Moreover, Alabama's longstanding common law rule that an insurer is liable for both compensatory and punitive damages for the intentional fraud of its agent effected within the scope of his employment rationally advances the State's interest in minimizing [499 U.S. 1, 2] fraud, since that rule creates a strong financial incentive for vigilance by insurers. Thus, imposing liability on petitioner under the respondeat superior doctrine is not fundamentally unfair. Pp. 12-15." Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991).

Therefore, Defendant Michael Joshua Milford has been properly joined (Emphasis added) as a party Defendant.

## III.  IN PERSONAM JURISDICTION

Defendant Michael Joshua Milford is and was a citizen of the State of Alabama at all times material to this action. Defendant Milford is subject to In Personam jurisdiction in Alabama without question.

Defendant Mega Life and Health Insurance Company is subject to In Personam jurisdiction in the Circuit Court of the State of Alabama as follows:

In Ex Parte Alloy Wheels International., 882 So.2d 819, 822, 823, (Ala. 2003) the Court states:

> (a) "Rule 4.2, Ala. R. Civ. P., [Alabama's long-arm statute] extends the personal jurisdiction of Alabama courts to the limit of due process under the federal and state constitutions. Sieber [v. Campbell, 810 So. 2d 641 (Ala.2001)]. See also World-Wide Volkswagen Corp. V. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed 2d 490 (1980); Duke [v. Young, 496 So. 2d 37 (Ala. 1986); Brooks v. Inlow, 453 So. 2d 349 (Ala. 1984); and Alabama Waterproofing Co. v. Hanby, 431 So. 2d 141, 144-146 (Ala. 1983. 'A physical presence in Alabama is not prerequisite to personal jurisdiction over a nonresident.' Sieber, 810 So. 2d at 644. See also Sudduth [v. Howard], 646 So 2d [664] at 667 [(Ala. 1994]."
>
> """"What is required is that the out-of-state resident have "some minimum contacts with this state [so that], under the circumstances, *it is fair and, reasonable to require the person to come to this state to defend, an action."* Rule 4.2(a)(2)(I), Ala. R. Civ. P. [Emphasis added.)]"
>
> """"[D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice.""" McGee v. International Life Ins. Co., 355 U.S. 220, 78 S. Ct. 199, 2 L.Ed. 2d 223 (1957), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. *1*54, 158, 90 L. Ed. 95 (1945).....
>
> """"A relevant factor in a due process analysis is whether the defendant should have reasonably anticipated that he would be stied in the forum state. [(Emphasis added.)] In Dillon Equities [v. Palmer & Cay, Inc., 501 So. 2d 459, 462 (Ala. 1986)] this Court, quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980), noted:
> """"The foreseeability that is critical to due process analysis ... is that the

defendant's conduct and connection with the forum state are such that *he should reasonably anticipate being haled into court there."* (Citations omitted.) [Emphasis added.]'"

> "Sudduth, 646 So.2d at 667 (quoting Knowles v. Modglin, 553 So.2d 563, 565-66 (Ala.1989))."

In Ex Parte McInnis, 820 So.2d 795, 802-03 (Ala. 2001) (quoting Sudduth v. Howard, 646 So.2d 664, 667 (Ala. 1994). Rule 4.2(a) provides, in pertinent part:

> "(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, (Emphasis added) is or may be legally responsible as a consequence of the person's;
> "(D) causing tortious injury or damage in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenues from goods used or consumed or services rendered in this state;
>
> "(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirements of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States."

## IV. REMAND STANDARD

In Clingan v. Celtic Life Insurance Co., 244 F. Supp.2d 1298, 1299 (N.D.Ala. 02/11/2003) this Honorable Court states that:

> "Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375 (1994); Bums v. Windsor Ins. Co., 31 F.3d 1092, 1095 11th Cir. 1994); Wymbs v. Republican State Executive Comm., 719 F.2d 1072, 1076 (11th Cir. 1983), cert denied, 465 U.S. 1103 (1984). They may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See Kokkonen, 511 U.S. at 377. A federal court has an independent obligation to review its authority to hear a case prior to proceeding to the merits of the case. Mirage Resorts, Inc. v. Quiet Nacelle Corp., 206 F.3d 1398, 1400 (11th Cir. 2000). The Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. See Bums, 31 F.3d at 1095."

## V. DEFECTIVE REMOVAL

Defendant Mega's *Notice of Removal* is defective under 28 U.S.C. § 1446 because one of the

individually named Defendants, Michael Joshua Milford, has not joined in the removal. As argued supra, Defendant Milford has been properly joined as a party Defendant.

VI.     **COSTS AND FEES ARE REQUESTED ON REMAND**

The removal of this case to federal court calls for payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal under 28 U.S.C. § 1447(c); In exercising its discretion to award costs and attorney's fees, the Court should consider whether removal was improper, looking both at the nature of the removal and of the remand. The purpose of an award is not to punish the removing party, but instead to reimburse the party who sought remand for litigation costs incurred as a result of unnecessary removal. The availability of costs and attorney fees replaces the former requirement of posting of a bond; however, it serves the same purpose–to discourage improper removal. Even if the Court finds the removal was "fairly supportable" an award of costs and fees is within the Court's discretion when the removal was "wrong as a matter of law."

## CONCLUSION

By operation of law Defendant Michael Joshua Milford has been properly joined and is a proper and viable Defendant to this cause of action. Defendant Milford at all times relevant to this cause of action was and still is a citizen of the State of Alabama. Defendant Milford was properly served on December 2, 2005.

Defendant Mega Life and Health Insurance Company has the necessary minimum contacts with the State of Alabama and should be haled into the Circuit Court of Coffee County, Alabama, Elba Division, for the following reasons:

(a.) Complete Diversity of Citizenship does not exist in this cause due to Plaintiffs William Meadows and Jeanie Meadows and Mega's agent, Defendant Michael Joshua Milford, being citizens

of the State of Alabama.

(b.) Defendant Mega is registered with the Alabama Department of Insurance to do business in the State of Alabama. (Plaintiff's Exhibit A)

(c.) Defendant employs in excess of one hundred Agents within the boundaries of the State of Alabama for the specific purpose of selling Mega insurance policies within said State. (Plaintiff's Exhibit B.)

(d.) Defendant Mega is registered with the Alabama Secretary of State as a Corporation doing business in Alabama. (Plaintiff's Exhibit C.)

(e.) Defendant Mega has an Agent for Service of Process within the State of Alabama as required by the Code of Alabama, 1975, § 10-2B-5.01. Defendant Mega's Agent for Service of Process is listed in Plaintiff's Exhibits A and C.

(f) Defendant Mega's Notice of Removal is defective because all Defendants have not joined in the removal. Plaintiffs pray for actual costs and attorney's fees upon remand.

Dated this the 13th day of December, 2005.

_____
STEVE BLAIR (BLA045)
Attorney for Plaintiffs
Post Office Box 310843
Enterprise, AL 36331-0843
(334) 308-5375

_____
WILMER R. THARPE (THA007)
Attorney for Plaintiffs
621 W. State Hwy. 92
Newton, AL 36352-7935
(334) 308-1650

_____
GARY P. BRADSHAW (BRA074)
Attorney for Plaintiffs
Post Office Box 311412
Enterprise, AL 36331-1412
(334) 393-6439

_____
DWAIN D. HARTWICK (HAR222)
Attorney for Plaintiffs
Post Office Box 311526
Enterprise, AL 36331-2236
(334) 347-2236

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via United States Postal Service, postage prepaid, on this the 13th day of December, 2005, to the following:

Mr. James Lampkin, Esq.
Ms. Pamela A. Moore, Esq.
Attorneys at Law
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602

Mr. Michael Joshua Milford
833 University Blvd., South, Apt. 119
Mobile, Alabama 36609

_____
Gary D. Bradshaw