| | |
|---|---|
| WILLIAM MEADOWS, AND HIS WIFE JEANIE MEADOWS, ) ) ) | IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA ELBA DIVISION |
| Plaintiffs, ) ) | CASE NO. CV 2005 - \_|01\_\_\_ |
| vs. ) ) | |
| THE MEGA LIFE AND HEALTH INSURANCE COMPANY, AND ITS AGENT, MICHAEL JOSHUA MILFORD, AND A,B,C, and X,Y,Z, ) ) ) ) ) | |
| Defendants, ) | |



## COMPLAINT

1.    Plaintiffs are residents of the Elba Division of Coffee County, Alabama and have been at all times material to this action.

2.    Defendant MEGA Life and Health Insurance Company (Hereinafter MEGA), is a non-resident entity doing business in Alabama and maintains a presence in Coffee County through agents who travel to the homes of prospective clients creating significant contacts within Coffee County, Alabama, and has done so at all times material to this action.

3.    Defendant Michael Joshua Milford is a resident of the State of Alabama and at all times material to this action was employed as an agent for Defendant MEGA, traveling to the homes of prospective clients creating significant contacts within Coffee County, Alabama.

4.    Defendants A, B, C, and X, Y, Z are individuals or other business entities unknown to Plaintiffs at this time, but will be substituted when their identities are ascertained..

5.    This Court has jurisdiction over this action as it falls outside of 29 USCS §1001, et seq, because it is not a claim under E.R.I.S.A.

### BACKGROUND FACTS

6.    On or about March 12, 2002, Michael Joshua Milford, as an agent for MEGA, visited with the Plaintiffs and "wrote up" an application for basic hospital/medical-surgical expense certificate to be issued by MEGA to Group Policyholder NASE (National Association for the

## EXHIBIT A

Self Employed - group policy number 00384), for the benefit of the Primary Insured, Mr. William V. Meadows and his Covered Dependant, Ms. Jeanie L. Meadows, the Plaintiffs.

7.    At the time of application, the Plaintiffs informed the agent of pre-existing medical conditions of Mr. Meadows and Ms. Meadows, who were assured by the agent that any Exclusionary Attachment issued with the policy would be lifted or rescinded after two (2) years from the inception of the policy.

8.    On the same date, March 12, 2002, Plaintiffs issued a check to said agent in the amount of five hundred eighty dollars, ($580.00), as payment to secure their application and first payment due under the policy.

9.    On or about May 9, 2002, the Plaintiffs were notified by letter from MEGA that they were accepted for coverage effective May 7, 2002.  Plaintiffs thereafter paid the monthly premium payments as same became due.

10.    By the same letter they were also informed of an attached Exclusionary Endorsement due to pre-existing medical problems self-reported by the Plaintiffs.

11.    The reference number on the letter of notification indicates the Policy/Certificate number is 053301047, however subsequent correspondence to the Plaintiffs also cites 09053301047.

12.    The policy and certificate is a Basic Hospital/Medical-Surgical Expense Certificate issued for the benefit of the Plaintiffs or which covered Plaintiffs, and no employees or former employees are covered or participate under this certificate of insurance.

13.    On or about April 19, 2005, Plaintiff William V. Meadows made a claim (Claim Number FA2448201) under the terms of the policy as represented to him by Defendants, that was related to the pre-existing condition mentioned in Paragraphs 7 and 10 above.

## COUNT I

### (Breach of Contract)

14.    Plaintiffs adopt and incorporate previous paragraphs by reference.

15.    Defendants represented to Plaintiffs that the insurance policy and plan was a Basic Hospital/Medical-Surgical Expense Certificate and would provide health insurance coverage as

provided in the certificate <u>and particularly for a pre-existing condition after two (2) years from the inception of the policy.</u>

16.     Plaintiffs made a claim for and in the amount of seven hundred ninety four ($794) dollars.

17.     On or about May 10, 2005, MEGA served Plaintiffs notice that (attached herein as "Exhibit A"), constitutes an anticipatory breach and/or repudiation of said policy.

18.     Plaintiffs continue to be eligible for present and future benefits under said policy, and the Defendants have wrongfully denied Plaintiff's claim, and Plaintiffs believe it would be futile to file further claims for present and future benefits.

     **WHEREFORE,** Plaintiffs demand judgement against the Defendants in the sum of seven hundred ninety four ($794) dollars, plus interest and costs; and for a judgement against the Defendants ordering the Defendants to pay all similar claims of the Plaintiff in the future; and for an award of attorney fees in a reasonable amount; and for such other, further, or different releif as may be just and proper.

<u>**COUNT II**</u>

**(Bad Faith Denial)**

19.     Plaintiffs adopt and incorporate previous paragraphs by reference and re-allege and reaffirm each and every preceding paragraph as fully set out herein.

20.     Defendant's refusal to pay said claim was not based on any reasonably legitimate, arguable, or debatable reason.

21.     Defendants knew, or should have known, there was no legitimate, arguable, or debatable reason for denying the claim when Defendants refused to pay said claim.

22.     The Defendants intentionally failed to determine whether there was any lawful basis for its refusal to pay said claim.

23.     The Defendants acted in bad faith in refusing to pay said claim.

24.     Plaintiffs claim punitive damages of the Defendants.

     **WHEREFORE,** Plaintiffs demand judgement against the Defendants in the sum of ten

million ($10,000,000) dollars, plus costs.

## COUNT III

### (Fraud)

25.　Plaintiffs adopt and incorporate previous paragraphs by reference and re-allege and reaffirm each and every preceding paragraph as fully set out herein.

26.　The Defendant, MEGA, by and through its aforementioned agent assured the Plaintiffs that any pre-existing medical condition of the Plaintiffs would not affect health care claims stemming from the pre-existing condition after two (2) years from the inception of the policy and that the Plaintiffs would be covered for any such claims.

27.　The representations made by Defendants through its aforementioned agent were false and Defendants knew they were false, or Defendants, without knowledge of the true facts, recklessly misrepresented them, or said representations were made by mistake but with the intention that Plaintiff should rely upon them.

28.　Plaintiffs did not know the falsity of the Defendant's representations.

29.　Plaintiffs believed the representations and relied upon them when they were induced to purchase the policy.

30.　Plaintiff's reliance upon Defendant's representations was justified because Defendants were specialists in the field of health care insurance and Plaintiffs placed trust and confidence in Defendant's integrity, professional knowledge, training, and experience.

31.　Defendant's conduct constitutes fraud entitling Plaintiffs to compensation for all damages, including punitive damages.

　　WHEREFORE, Plaintiffs demand judgement against the Defendants in the sum of ten million ($10,000,000) dollars, plus costs.

## COUNT IV

### (Fraudulent Misrepresentation)

32.　Plaintiffs adopt and incorporate previous paragraphs by reference and re-allege and reaffirm each and every preceding paragraph as fully set out herein.

33.　The Defendant(s) by and through their agent falsely misrepresented material facts

relating to benefits payable pursuant to a Basic Hospital/Medical - Surgical Expense Certificate sold to Plaintiffs.

34.     The Defendants either knew or should have known the misrepresentation was false when made or the misrepresentation was made recklessly and without regard to its truth or falsity.

35.     The Defendants made the false misrepresentations by advising the Plaintiffs that the Defendants had knowledge that the representation was true, while not having such knowledge.

36.     The Plaintiffs relied to their detriment upon the fraudulent misrepresentations made by the Defendants.

37.     The Defendants fraudulent misrepresentation caused damage to the Plaintiffs proximately resulting from Plaintiffs reliance on Defendants false misrepresentation.

WHEREFORE, Plaintiffs demand judgement against the Defendants in the sum of ten million (10,000,000) dollars, plus costs.

<u>COUNT V</u>

**(Fraudulent Suppression)**

38.     Plaintiffs adopt and incorporate previous paragraphs by reference and re-allege and reaffirm each and every preceding paragraph as fully set out herein.

39.     The Defendants had a duty to disclose existing material facts relating to the Basic Hospital/Medical - Surgical Expense Certificate.

40.     The Defendants breached that duty by suppressing existing material facts.

41.     The Defendants had actual knowledge of the material facts.

42.     The Defendants suppression of the material facts induced the Plaintiffs to act.

43.     The Plaintiff's suffered actual damages as a proximate result of acting with reasonable reliance upon the suppression of material facts by the Defendants.

WHEREFORE, Plaintiffs demand judgement against the Defendants in the sum of ten million (10,000,000) dollars, plus costs.

## COUNT VI

### (Outrage)

44.    Plaintiffs adopt and incorporate previous paragraphs by reference and re-allege and reaffirm each and every preceding paragraph as fully set out herein.

45.    Defendant's actions toward the Plaintiffs were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

46.    The emotional distress that Defendants caused Plaintiffs to suffer was so severe that no reasonable person could be expected to endure it.

47.    Plaintiffs has suffered mental pain, anguish, worry, and emotional distress as a result of Defendant's misrepresentations and will continue to suffer such in the future.

48.    The Plaintiff's mental pain, anguish and emotional distress has resulted in physical symptoms of illness in that Plaintiff's are not able to sleep, headache, and stomach distress.

49.    Plaintiffs claim punitive damages of the Defendants.

**WHEREFORE,** Plaintiffs demand judgement against the Defendants in the sum of ten million ($10,000,000) dollars, plus costs.

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY.**


_William Meadows_
WILLIAM MEADOWS

_Jeanie Meadows_
JEANIE MEADOWS


Sworn and subscribed before me by William Meadows on the 7th day of October, 2005.

Sworn and subscribed before me by Jeanie Meadows on the 7th day of October, 2005.


_Sharon M. Dooling_
NOTARY PUBLIC
Comm. Expires:

STEVE BLAIR (BLA045)
Attorney for Plaintiff
Post Office Box 310843
Enterprise, AL 36331-0843
(334) 308-5375

WILMER R. THARPE (THA007)
Attorney for Plaintiff
621 W. State Highway 92
Newton, AL 36352-7935
(334) 692-3322

GARY D. BRADSHAW (BRA074)
Attorney for Plaintiff
P.O. Box 311412
Enterprise, AL 36331-1412
(334) 393-6439

DWAIN D. HARTWICK (HAR222)
Attorney for Plaintiff
P.O. Box 311526
Enterprise, AL 36331-1526
(334) 347-2236

SERVE DEFENDANTS BY CERTIFIED MAIL AT:

**MEGA Life and Health Insurance Company**

Agent:        **The Corporation Company**

Address:      **2000 Interstate Park**
              **Suite 204**
              **Montgomery, Alabama 36109**

**Michael Joshua Milford**

Address:      **Michael Joshua Milford**
              **1429 Stonehenge Road**
              **Montgomery, Alabama 36117**

# NSURANCE CENTER

CUSTOMER SERVICE DEPARTMENT
1-800-527-5504. FAX 1-800-728-8700
9161 GRAPEVINE HIGHWAY
P.O. BOX 982010
NORTH RICHLAND HILLS, TX 76182-8010

CLAIMS DEPARTMENT
1-800-527-2845/Fax 1-817-255-8102
9151 GRAPEVINE HIGHWAY
P.O. BOX 982009
NORTH RICHLAND HILLS, TX 76182-8009

May 10, 2005

William V Meadows
1113 Oak Avenue
Elba AL 36323

Re: Certificate No:09053301047
    Claim No: FA2448202
    Patient: William
    Date Incurred: 04/18/05

Dear Mr. Meadows:

Thank you for your subject claim. We have completed our evaluation and have
reached the following decision.

Your Certificate was issued with a Special Exceptions Rider or Exclusionary
Endorsement attached to it which states that no benefits are payable for
losses due to any disease and/or disorder of the heart and/or circulatory
system

Your claim for out-patient xrays falls within the scope of this rider.
Therefore, we are unable to extend benefits for this claim.

If there is additional information that could affect the decision on this
claim, submit it to us, in writing, for review and consideration. Please
understand that other contractual exclusions, limitations, and provisions,
may apply to this claim, or any future claim, and that we are not waiving
our right to raise those exclusions, limitations, and provisions.

If you have any questions concerning your claim, please contact our Claim
Customer Service Department at 1-800-527-2845. Any of our representatives will
assist you weekdays, from 7:00 A.M. to 7:00 P.M., Central Time.

Sincerely,

Claim Department
1034:PAR

EXHIBIT A