IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM MEADOWS AND HIS WIFE JEANIE MEADOWS, | ) ) ) |
| PLAINTIFFS, | ) ) |
| VS. | ) CASE NO. 1:05-CV1091-F ) |
| THE MEGA LIFE AND HEALTH INSURANCE COMPANY, AND THEIR AGENT, MICHAEL JOSHUA MILFORD, AND A, B, C, AND X, Y, Z, | ) ) ) ) ) |
| DEFENDANTS. | ) |

**PLAINTIFF'S REPLY BRIEF IN RESPONSE TO DEFENDANT'S
OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND AND COSTS**

COMES NOW, the Plaintiffs, William Meadows and Jeanie Meadows, by and through their undersigned counsel, and submits this reply brief in response to Defendant Mega Life and Health Insurance Company's "Response In Opposition To Plaintiffs' Motion For Remand And Costs."

Defendant Mega states in paragraph 2, page 1, of its "Response To Plaintiffs Motion For Remand And Costs" that **". . . the only issue before this Court is whether MEGA has satisfied the diversity of citizenship requirement for federal diversity jurisdiction."** The Plaintiffs aver that diversity of citizenship has not been established, as follows:

1.     Defendant Mega has based it's entire argument for diversity of citizenship on it's allegation that Defendant Michael Joshua Milford has been fraudulently joined to this lawsuit. The Plaintiff's argument is rooted in the Eleventh Circuit's threefold test for determining fraudulent joinder.

In <u>Clingan v. Celtic Life ins. Co.</u>, 244 F.Supp.2d 1298, 1299 (N.D.Ala. 02/11/2003) this

Honorable Court states:

> [19] The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) that a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. See Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998). If the removing party fails in an attempt to demonstrate the existence of a fraudulently joined party, then the case must be remanded to state court. See Bolling v. Union Nat'l Life Ins. Co., 900 F.Supp. 400, 407 (M.D. Ala. 1995).

As to number (1) of the threefold test, the Court continues in Clingan to state that:

> [88] ......Second, under Palomar Insurance Corp. v. Guthrie, 583 So.2d 1304, 1306 (Ala. 1991), an **insurance agent** may voluntarily assume a duty to another person. With this Alabama Supreme Court precedent, the court is unable to conclude that there is no possibility that Plaintiff could establish a cause of action against Jordan for negligence and/or wantonness.

With regard to the first prong of the aforementioned test, Defendant Mega cannot state with certainty that Plaintiffs cannot establish a cause of action against Defendant Michael Joshua Milford as stated above in Palomar Insurance Corp. v. Guthrie, 583 So.2d 1304, 1306 (Ala. 1991).

In Pacific Mutual Life Insurance Co. v. Haslip, 553 So.2d 537, 541, the Supreme Court of Alabama states:

> As the trial court pointed out above, whether one is an agent of another is generally a question to be decided by the jury. Brown v. Commercial Dispatch Pub. Co., 504 So.2d 245, 246 (Ala. 1987). Accord, American Pioneer Life Ins. Co. v. Sandlin, 470 So.2d 657 (Ala. 1985). In American Pioneer, the agent, McWhorter, was not a registered agent for American Pioneer when he sold an annuity to the plaintiff, although he became on several months later. Because the evidence pertaining to McWhorter's status as an agent of American Pioneer was conflicting, this Court deemed it a proper question for the jury.

Plaintiffs aver that there is no question that sufficient evidence exists to support the fact that Defendant Michael Joshua Milford was acting within the line and scope of his employment as a an

agent for Defendant Mega. Defendant Milford was licensed by the Alabama Department of Insurance to sell insurance within the State of Alabama and was registered with said Department of Insurance as an agent for Defendant Mega. Defendant Milford is a proper and necessary party to this cause of action, therefore, he is not fraudulently joined as a Defendant. Defendant Mega's fraudulent joinder claim is not a valid claim, thus defeating their claim of diversity of citizenship, as well.

As to the second prong of the threefold test, (whether the Plaintiffs fraudulently pleaded jurisdictional facts), Plaintiffs aver the following:

Jurisdiction in the Circuit Court of Coffee County, Alabama, Elba Division is the proper forum for this case. Defendant Mega in their "Response In Opposition To Plaintiffs' Motion For Remand And Costs" at page 2, paragraph 3, agrees with Plaintiffs that Defendants are subject to *in personam* jurisdiction in Alabama by stating, **"Initially, with respect to Plaintiff's argument that the Defendants are subject to *in personam* jurisdiction in Alabama, Mega does not dispute that assertion."**

As to the third prong of the threefold test, (whether a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability, and the claim has no real connection to the claim against the non-diverse defendant), Plaintiffs aver the following:

Defendant Michael Joshua Milford, as the agent of Mega, is the absolute connection to Defendant Mega. But for the actions of Defendant Milford as the duly authorized agent of Defendant Mega, the wrongful acts would not have been perpetuated against the Plaintiffs. The Plaintiff's believed that Defendant Milford _was_ (emphasis added) Mega Life and Health Insurance Company when he came to their home in Elba, Alabama, and sold them an insurance policy. Defendant Milford held himself out as a representative agent for MEGA, he answered the Plaintiff's questions about the policy, and he assured the Plaintiff's that they would be covered under the policy

for their pre-existing conditions after a period of two years.  The Alabama Supreme Court has stated in <u>Palomar Insurance Corp. V. Guthrie</u>, 583 So.2d 1394, 1306 (Ala. 1991), ". . . an **insurance agent** may voluntarily assume a duty to another person.  With this Alabama Supreme Court precedent, the court is unable to conclude that there is no possibility that Plaintiff could establish a cause of action against Jordan for negligence and/or wantonness." Cited by <u>Clingan v. Celtic Life Ins. Co.</u>, 244 F. Supp. 2d 1298, 1299 (N.D. Ala. 02/11/2003).

2.	Plaintiffs reaffirm that Defendant Mega's Notice of Removal is defective pursuant to 28 U.S.C. § 1446, because Defendant Michael Joshua Milford failed to join in the removal.  Defendant Milford was served on December 2, 2005, with a Summons, a copy of Plaintiffs Complaint, and a copy of Defendant Mega's Notice of Removal.  Defendant Milford did not file a *Notice of Adoption And Joinder In Petition For Removal* within thirty days after service of process on December 2, 2005.

## **CONCLUSION**

Based on Plaintiff's *Motion For Remand And Costs;  Memorandum Of Law In Support Of Remand;* and *Reply Brief In Response To Defendant's Opposition To Plaintiffs' Motion For Remand And Costs;* and this brief, Plaintiffs pray for immediate remand to the Circuit Court of Coffee County, Alabama, Elba Division.

RESPECTFULLY SUBMITTED this the 5th day of January, 2006 .

| | |
|---|---|
| /s/ WILMER R. THARPE (THA007) | /s/ GARY D. BRADSHAW (BRA074) |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| 621 W. State Hwy. 92 | Post Office Box 311412 |
| Newton, AL 36352-7935 | Enterprise, AL 36331-1412 |
| (334) 308-1650 | (334) 393-6439 |

| | |
|---|---|
| /s/ STEVE BLAIR (BLAO45) | /s/ DWAIN D. HARTWICK (HAR222) |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

| | |
|---|---|
| Post Office Box 310843 | Post Office Box 311526 |
| Enterprise, AL 36331-0843 | Enterprise, AL 36331-2236 |
| (334) 308-5375 | (334) 347-2236 |

## CERTIFICATE OF SERVICE

_____I hereby certify that on January 5, 2006, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Mr. James Lampkin
Ms. Pamela A. Moore
Attorneys at Law
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602

                                              /s/ Wilmer R. Tharpe_____