IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM MEADOWS AND HIS WIFE ) <br> JEANIE MEADOWS, ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> VS. ) <br> ) <br> THE MEGA LIFE AND HEALTH ) <br> INSURANCE COMPANY, AND THEIR ) <br> AGENT, MICHAEL JOSHUA MILFORD, ) <br> AND A, B, C, AND X, Y, Z, ) <br> ) <br> DEFENDANTS. ) | CASE NO. 1:05-CV1091-F |

**PLAINTIFF'S RESPONSE AND BRIEF TO
DEFENDANT MICHAEL JOSHUA MILFORD'S MOTION TO DISMISS**

**COMES NOW**, the Plaintiffs, William Meadows and Jeanie Meadows, by and through counsel, and submits their response to Defendant Michael Joshua Milford's Motion to Dismiss for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

1.  At the outset Plaintiffs reassert that Defendant Michael Joshua Milford, (Milford), has failed to join in the removal of this action to Federal Court and that his Motion to Dismiss should be summarily denied as untimely filed.

2.  Milford was served on December 2, 2005, with a Summons, a copy of Plaintiffs Complaint, and a copy of Defendant MEGA's Notice of Removal.

3.  Defendant Milford did not file a *Notice of Adoption And Joinder In Petition For Removal* within thirty days after service of process as required under 28 U.S.C. § 1446. A Defendant must file a notice of removal in the appropriate federal district court within thirty days after service of the Summons and Complaint or after otherwise receiving a copy of the Complaint

after service of the Summons. See 28 U.S.C. §§ 1446(b). Plaintiffs aver that this court does not have jurisdiction over Defendant Milford because he failed to join in the removal within thirty days after he received the Summons, Complaint and a copy of Defendant MEGA's removal on December 2, 2005. Plaintiffs demand remand to the Circuit Court of Coffee County, Alabama, Elba Division, because there is no unanimity of Defendants as required by 28 U.S.C. § 1446.

4. The term "agent" is defined in §27-7-1, Code of Alabama, 1975, as ". . . a natural person, partnership or corporation appointed by an insurer to solicit and negotiate insurance contracts on its behalf.

5. Thus, Defendant Michael Joshua Milford, (Milford), is an agent of MEGA Life and Health Insurance Company, (MEGA). In addition, Defendant Milford acted as a "dual agent" by assuming special duties for the benefit of the insured beyond those required by the principal. See Jones v. Grewe, 189 Cal. App. 3d 950, 954-55 (1987). When an agent acts beyond his capacity for the insurer he becomes a "dual agent" thus defeating Defendant MEGA's fraudulent joinder claim. By stating to Plaintiffs that the policy exclusions would cease to exist after two years Defendant Milford assumed the role of a "dual agent."

6. Milford previously contended he has been fraudulently joined as a Defendant or is in some way not to be a party to this action.

## BACKGROUND

7. Plaintiffs adopt by reference the background facts asserted by them in their original verified complaint. For brevity the background will not be reproduced here.

## FRAUD CLAIM

8. Plaintiffs filed a fraud based complaint with sufficient specificity as required by §6-5-100, et, seq., Code of Alabama, 1975, and applicable case law.

9. Defendant Milford argues that Plaintiffs must present substantial evidence to prove the elements of fraud and that the trial court can enter a judgement as a matter of law when the undisputed evidence indicates the parties claiming fraud were fully capable of reading and understanding their documents but nevertheless made a deliberate decision to ignore written contract terms, citing Foremost Insurance Co. v. Parham, 693 So. 2d 409 (Ala. 1997).

10. Defendant Milford would have this Court believe that the application of "reasonable reliance" as stated in his brief merely requires the Plaintiffs to have received and had an opportunity to read applicable documents and that failure of this "affirmative duty" renders the Plaintiff's reliance on previous misrepresentations unreasonable under the circumstances.

11. The Alabama Supreme Court, in Foremost Insurance supra, overturned Hickox v. Stover, 551 So. 2d 259 (Ala. 1989), and replaced the "justifiable reliance" standard with "reasonable reliance," that is; the Plaintiff's reliance must be reasonable under the circumstances.

12. Reasonable reliance, states the Court in Foremost, is, " . . . in our view, a more practicable standard that will allow the fact finder greater flexibility in determining the issue of reliance based on all of the circumstances surrounding a transaction, including the mental capacity, educational background, relative sophistication, and bargaining power (emphasis added) of the parties." Foremost at 421.

13. Defendant Milford asserts that the Plaintiff could have called MEGA's toll-free number with any question about the benefits provided so he "could be confident" that any claim would be paid promptly and accurately.

14. Milford goes on to argue that the Plaintiffs did not question or challenge the terms or scope of coverage or exercise their right to cancel, that the documents contradicted oral misrepresentations made by Milford and that because of this, the Plaintiff's reliance was not

reasonable.

15. Notwithstanding the contents of the documents provided by Defendant MEGA, and the receipt of same by the Plaintiffs, the Plaintiff's maintain that Defendant Milford was so persuasive, so convincing, and so smooth in his sales approach, that the Plaintiff's believed what he said and believed him when he told them, at the time when Milford "signed them up" that regardless the fact of the pre-existing medical conditions of the Plaintiffs, Mr and Mrs Meadows, that they would be covered after the expiration of two years. This is the reason, and only reason, that they purchased the policy from MEGA, and the reason they continue to promptly pay their premiums.

16. Plaintiff William Meadows is a farmer by vocation and Plaintiff Jeanie Meadows, maintains their home. Farming is the only life they know and as such do not have the education or degree of sophistication, relative or otherwise, to unravel or see past the deft sales pitch of Defendant Milford, even after receipt of various documents sent by MEGA. In addition, MEGA was in a superior position to bargain with the Plaintiffs. The Plaintiffs needed health care insurance, MEGA was in business to provide it. The Plaintiffs jumped at MEGA's promise to provide them with health care <u>in spite of their pre-existing condition,</u> (emphasis added).

17. Under the circumstances, and after application of the reasonable reliance standard, Milford's Motion to Dismiss is due to be, and should be <u>DENIED</u>.

## **SUPPRESSION CLAIM**

18. Plaintiffs adopt and incorporate previous paragraphs by reference.

19. Defendants correctly assert that the Plaintiffs must produce substantial evidence establishing the elements of fraudulent suppression.

20. The Plaintiffs can and will show to the court that MEGA, through its agent, Milford, acted in a manner consistent with training provided by MEGA.

21.  This training was designed to "press and close" the sale of health care policies to citizens of Alabama who are in the same or similar situation as the Plaintiffs.

22.  Milford had a duty to disclose all facts about MEGA's health care policy, especially with regard to the Exclusionary Endorsement.

23.  Milford's deceptive manner and glib promises concealed material facts, that, <u>under the circumstances,</u> (emphasis added - see argument in preceding paragraph), the Plaintiffs reasonably relied on to their detriment.  Milford had an obligation to communicate material facts.  Such an obligation may arise where a confidential relation or "particular circumstances" exist. Ala. Code 1975, 6-5-102;  <u>Trio Broadcasters v. Ward</u>, 495 So. 2d 621 (Ala. 1986).  Under §6-5-102, Code of Alabama, 1975, the particular circumstances that impose upon a party a duty to speak may arise from the relationship of the parties; the relative knowledge of the parties; the value of the particular fact; and other factors. <u>Lowder Realty, Inc. v. Odom,</u> 495 So. 2d 23 (Ala. 1986).

23.  Plaintiffs have learned through investigation and interview with former MEGA agents, that MEGA trained its agents to be deceptive and/or to engage in a deceptive manner and/or to suppress facts about MEGA's health care policies.

24.  Plaintiffs were assured by Milford that MEGA's exclusion of health care coverage for preexisting conditions would be lifted at the end of two years and the exclusion was just a formality.

25.  Plaintiffs expected to see the Exclusionary Endorsement when the policy was issued and were not alarmed by it when it accompanied the policy, nor were they alarmed by any subsequent document until denied benefits.

26.  For the reasons articulated in the previous section, the Plaintiffs reasonably relied on Milford's representations, including his silence as to material facts, and they did so to their

detriment.

27. For these reasons, Milford's Motion to Dismiss is due to be, and should be <u>DENIED</u>.

**STATUTE OF LIMITATIONS AS TO FRAUD, SUPPRESSION, AND OUTRAGE**

28. Plaintiffs adopt and incorporate previous paragraphs by reference.

29. The Defendant's argument that Plaintiff's claim is barred by the Statute of Limitations has no merit.

30. The Code of Alabama, 1975, § 6-2-3 states: "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." The General Considerations following said code section state that the purpose of the above referenced section is to extend a Plaintiff's time to file suit when the Defendant has fraudulently concealed the cause of action.

31. The Plaintiff's complaint clearly, effectively, and sufficiently sets out the facts of Milford's involvement to the extent that his actions effectively concealed the fact that, in spite of MEGA's correspondence to the Plaintiff's notwithstanding, Milford's actions effectively concealed the Plaintiff's cause of action until May 10, 2005, when they were denied the benefit of their claim.

32. As argued in preceding paragraphs, the Plaintiffs lacked the degree of sophistication and education to see through Milford's deceptive manner and glib promises that ultimately concealed material facts, that, <u>under the circumstances,</u> (emphasis added - see argument in preceding paragraph), the Plaintiffs reasonably relied on to their detriment.

33. In the instant case before the court the Plaintiffs were aware of the policy exclusions but relied upon the statements made by Defendant Milford to their detriment when he stated to Plaintiffs the exclusions would cease to exist after two years. Plaintiffs had no reason to believe that

the exclusions would not cease to exist after two years. Based upon these facts the statute of limitations did not begin to run until Mega refused to pay benefits to Plaintiffs.

34. Likewise, the Plaintiffs were not outraged until after Defendants denied the Plaintiff's claim on May 10, 2005, at which time the statute of limitations would begin to run.

## BREACH OF CONTRACT AND BAD FAITH

35. Plaintiffs adopt and incorporate previous paragraphs by reference.

36 Defendants state that in the present case the insurance contract is between MEGA and the Plaintiffs - the insurer and insured, and that Milford is not a party to the insurance contract.

37. Citing Ligon Furniture Co. v. O.M. Hughes Insurance, Inc., 551 So. 2d 283 (Ala. 1989), and its progeny, Defendants argue that an insurance agent/broker is not a party to the insurance contract issued by an insurance company to the insured, and since an insurance agent/broker is not a party to the insurance contract, causes of action do not exist against the insurance agent/broker.

38. Defendants conclude that Milford is not a proper defendant for Plaintiffs' breach of contract claim or bad faith claim and Plaintiff's claims should be dismissed as to Milford.

39. While it may be true that Milford himself did not deny the Plaintiff's claim, to dismiss him as to these claims would beg the issue whether he acted in concert with MEGA to sell a policy that he, Milford, knew would not be honored. and that he was in fact a party to the contract.

40. As with the Plaintiff's arguments in previous paragraphs, the Plaintiffs believed Milford was (emphasis added) MEGA.

41. In McCain v. Lexington Insurance Co., 2005 U.S. Dist. LEXIS 30074, this court reasoned " . . . neither Ligon nor any of the other cases cited by Lexington holds that Alabama law forecloses insurance agents from being parties to insurance contracts as a matter of law, or that such

agents are immune from contractual or bad-faith liability if they are in fact parties to such contracts." McCain at 8.

42.   For purposes of a Motion to Dismiss, the Court is generally bound to accept the allegations of the Complaint as true. McClain at 10.

43   In Count I of the complaint (Breach of Contract), and Count II, (Bad Faith), Plaintiffs assert that Defendants (emphasis added), represented the scope, nature, and meaning of the policy and plan and Defendants (emphasis added), breached said contract and acted in bad faith; it being the intent of the Plaintiffs to assert that MEGA and Milford were contractually bound and both acted in bad faith.

44.   Defendant has relied on information and documentation within the scope of the Complaint, namely, the subject insurance policy. On its face, the policy belies plaintiff's assertion in the Complaint that Milford was a party to that insurance contract. If, indeed, Milford was not a party to the insurance policy, then Plaintiff's claims against him fail as a matter of law under Ligon supra. If, however, Milford is a party to the policy, then the defenses propounded in the Motion to Dismiss are without merit, and he is a proper defendant in this action.

45.   For the foregoing reasons and reasons outlined in preceding paragraphs, Plaintiffs believe they have met the threshold to withstand a Rule 12(b)(6) motion contemplated by United States v. Baxter Int'l, Inc, 345 F.3d 866, 881 (11th Cir. 2003), and state that Milford's Motion to Dismiss is due to be, and should be DENIED.

## **OUTRAGE CLAIM**

46.   Plaintiffs adopt and incorporate previous paragraphs by reference.

47.   Alabama courts have outlined the contours of outrage in the following terms:

"We now recognize that one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for

such emotional distress and for bodily harm resulting from the distress. The emotional distress thereunder must be so severe that no reasonable person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme... By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." Baker v. State Farm General Ins. Co., 585 So.2d 804, 807 (Ala. 1991).

48. Defendants argue that none of the prerequisites for outrage are satisfied in this case. At the Rule 12(b)(6) stage, however, the this court must accept the well pleaded allegations of the Complaint as true.

49. Defendants may, and apparently do, dispute the veracity of plaintiff's contention in this regard. Nonetheless, Defendant's are not entitled to Rule 12(b)(6) relief on the ground that the subject conduct was not intentional or reckless, when plaintiff has clearly pleaded otherwise, and it is a fact question as to whether defendants acted intentionally or not. Likewise, the second and third elements of an outrage claim has been adequately pleaded, as Plaintiffs have sufficiently alleged that they suffered severe emotional and physical distress because of defendants' acts.

50. Defendant's brief focuses on whether the Plaintiffs can establish the other issues of the complaint and concludes that they cannot, therefore, there can be no outrage.

51. This begs the issue of whether the Plaintiffs can show this court the elements of outrage; that is, through testimony, or other competent evidence of fact.

52. If the Plaintiffs are able to prove a set of facts establishing that Defendants' actions were outrageous, and did in fact occur, and that defendants' acts were intolerable in a civilized society, and they should not have to endure such, then they could conceivably prevail on their outrage cause of action.

53. At this nascent stage of the proceedings, this court cannot rule out the possibility that Plaintiffs may be able to prove such a set of facts. Accordingly, the Plaintiffs should be permitted

to proceed on their outrage claim, and Defendants' request to dismiss that claim for failure to state claim upon which relief is due to be, and should be <u>DENIED</u>.

### OUTRAGE STATUTE OF LIMITATIONS

54. This argument was combined with the argument in paragraphs 28 through 34 above.

### CONCLUSION

On a motion to dismiss, the Court must view the Complaint in the light most favorable to the Plaintiff. A motion to dismiss may be granted only where it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The rules of pleading require only that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Moreover, the Court must, at this stage of the litigation, accept Plaintiff's allegations as true.

The Court's inquiry at this stage focuses on whether the challenged pleadings give the Defendants fair notice of what the Plaintiff's claim is and the grounds upon which it rests. A Plaintiff must meet only an "exceedingly low" threshold to survive a Rule 12(b)(6) motion.

For the reasons articulated above and in the preceding paragraphs, Plaintiffs respectfully request that this Court <u>DENY</u> Defendant's motion to dismiss the Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

Plaintiffs also request such other and further relief to which they are justly entitled.

**RESPECTFULLY SUBMITTED** this the 10th day of January, 2006.

| | |
|---|---|
| /s/ STEVE BLAIR (BLA045) | /s/ GARY D. BRADSHAW (BRA 074) |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| Post Office Box 310843 | Post Office Box 311412 |
| Enterprise, AL 36331-0843 | Enterprise, AL 36331-1412 |
| (334) 308-5375 | (334) 393-6439 |

| | |
|---|---|
| /s/ WILMER R. THARPE (THA007) | /s/ DWAIN D. HARTWICK (HAR222) |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| 621 W. State Hwy. 92 | Post Office Box 311526 |
| Newton, AL 36352-7935 | Enterprise, AL 36331-2236 |
| (334) 692-3322 | (334) 347-2236 |

## CERTIFICATE OF SERVICE

_____I hereby certify that on January 10, 2006, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Mr. James Lampkin
Ms. Pamela A. Moore
Attorneys at Law
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602

/s/ Gary D. Bradshaw