IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM MEADOWS AND JEANIE MEADOWS, | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | CASE NO. 1:05-cv-1091-MEF-VPM |
| THE MEGA LIFE AND HEALTH INSURANCE COMPANY, AND ITS AGENT, MICHAEL JOSHUA MILFORD, ET AL., | * * * * * | |
| Defendants. | * | |

## MOTION FOR LIMITED REMAND DISCOVERY

COME NOW, Defendants, by and through their undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Alabama, and file this Motion for Limited Remand Discovery and in support hereof state as follows:

1.    On November 14, 2005, Defendant The MEGA Life and Health Insurance Company ("MEGA") timely and properly removed this action to this Court.

2.    On December 2, 2005, Defendant Michael Joshua Milford ("Milford") was served with the summons and complaint.

3.    On December 13, 2005, Plaintiffs served a motion for remand and costs as well as a supporting brief.

4.    On December 21, 2005, Milford filed a motion to dismiss and supporting brief.

5.     On December 30, 2005, MEGA filed a response in opposition to the Plaintiffs' motion for remand and costs.

6.     On January 5, 2006, Plaintiffs served their reply brief in response to MEGA's opposition to Plaintiffs' motion for remand and costs.

7.     On January 10, 2006, Plaintiffs served their response and brief in opposition to Milford's motion to dismiss.

8.     On the date hereof, Milford is filing a reply brief in response to Plaintiffs' opposition to his motion to dismiss.

9.     The gravamen of Plaintiffs' Complaint is that fraudulent misrepresentations and/or suppressions of material fact were made by Milford as MEGA's agent at the time a MEGA insurance certificate was sold to Plaintiffs, particularly that any exclusionary endorsement issued with the coverage would be automatically lifted after two years. *See* Complaint. Specifically, Plaintiffs allege that Milford misrepresented and/or suppressed facts related to the exclusionary endorsement at the time of their March 12, 2002 application for health insurance coverage from MEGA and that later claims for insurance benefits were denied in bad faith, asserting causes of action for fraudulent misrepresentation, fraudulent suppression, breach of contract, bad faith denial, and outrage. *Id.*

10.    Plaintiffs in their remand brief assert that Milford was not fraudulently joined in this action, because he acted as an extension of MEGA by perpetuating the wrongful acts in Alabama as MEGA's agent. Plaintiffs therefore conclude that Milford, the only named resident defendant, is a proper defendant and that remand is proper. MEGA argues that Milford was fraudulently joined and should be dismissed, as a result of the documentation that Plaintiffs undisputedly received from MEGA in 2002, which provided the information allegedly

misrepresented or suppressed by Milford. MEGA contends that consequently, Plaintiffs cannot establish each of the requisite elements of their fraud, suppression and outrage claims against Milford. Moreover, MEGA asserts that Plaintiffs' claims for fraud, suppression and outrage are barred by the expiration of the applicable statute of limitations. In addition, since Milford was not a party to the insurance contract at issue, causes of action do not exist against him for alleged breach of contract and/or bad faith under Alabama law.

11.     Milford, in lieu of serving an answer to the Complaint, filed a Rule 12(b)(6) motion to dismiss, based on some of the same grounds outlined in MEGA's brief opposing remand to show that Milford was fraudulently joined to this case. In response to Milford's motion to dismiss, Plaintiffs contend that they only need to outline a short and plain statement of their claims, and that the Court, at this stage of the litigation, must accept Plaintiffs' allegations as true.

12.     In this case, the challenged pleading, namely the Plaintiffs' Complaint, offers facts which, as outlined in MEGA's Notice of Removal and in Milford's motion to dismiss, serve as grounds for showing this Court that Milford was fraudulently joined to this lawsuit and is due to be dismissed. That is, even proceeding to accept Plaintiffs' allegations as true demonstrates that Plaintiffs' claims against Milford should be dismissed. Plaintiffs admit that they received documentation from MEGA in 2002, including a letter from MEGA, which outlined the coverage issued, explained the exclusionary endorsement and why it had been issued, offered a way to obtain additional information for the reasons why the endorsement had been issued, explained the procedure for requesting that the endorsement be removed, and had nothing anywhere in any of them indicating that the endorsement would automatically be lifted from the coverage after two years (instead, the documents contained clear, unambiguous

language to the contrary)(copies of those documents are attached to MEGA's Notice of Removal, brief opposing remand, and Milford's motion to dismiss).

13.     However, in their response to Milford's motion to dismiss, Plaintiffs now are asserting additional arguments based on facts that are in conflict or in addition to the facts outlined in the Complaint, in an effort to survive the motion to dismiss Milford, and which in effect also has a bearing on similar arguments made by MEGA in its Notice of Removal as to the fraudulent joinder of Milford in this case.  <u>For the very first time</u>, Plaintiffs are asserting that they did not have the degree of sophistication or education to realize, back in 2002, that the exclusionary endorsement would not automatically be removed from their coverage in two years, and that it was up to them to request consideration of removal of those exclusions after one year and to provide medical records related to their excluded medical conditions.  *See* Plaintiffs' Response.

14.     Specifically, Plaintiffs are alleging that they lacked the degree of sophistication and education to "see through Milford's deceptive manner," but interestingly do not assert that they lacked the degree of sophistication and education to read and understand the insurance documents that were provided to them by MEGA in 2002.  *Id.*  It is also interesting that Plaintiffs heretofore have not  -- in their Complaint, their motion for remand and costs, or their reply brief on their motion to remand -- made any mention of their educational background or degree of sophistication.  Plaintiffs appear to be raising a new argument that they were justified in relying on the alleged fraud committed by Milford because they did not have the requisite education or degree of sophistication to do otherwise.

15.     As a result, Defendants submit that limited discovery on this issue is appropriate, since these issues tie in with this Court's jurisdiction as well (as outlined in the Notice of

Removal filed by MEGA).[1]  Since Plaintiffs are now putting these circumstances at issue, in an apparent last ditch effort to show that their reliance on Milford's alleged fraud was reasonable, and that they were unaware of any fraud until some time within the two-year statutory period, Defendants hereby request the Court allow the parties the opportunity to conduct limited remand discovery, particularly with respect to Plaintiffs' new assertions as to their educational background and level of sophistication.  Notwithstanding the opposition to the motion for remand and costs and the disagreement with Plaintiffs' conclusion that there are viable claims against Milford, Defendants submit that such discovery may be relevant not only to this Court's jurisdiction (in particular, the fraudulent joinder of Milford), but also to the pending motion to dismiss Milford.  Due to Plaintiffs' new assertions in their response, the Defendants should be given the opportunity to supplement their arguments to show that Plaintiffs could not have reasonably relied on the alleged fraud of Milford.  Such limited discovery will provide additional guidance to this Court in a determination of its jurisdiction and the viability of the claims against Milford.  Defendants expect to provide further proof that none of Plaintiffs' claims against Milford are viable under applicable Alabama law and that Plaintiffs should not be allowed to defeat MEGA's right to a federal forum in this case.  Allowing the parties adequate time to conduct such discovery and then additional time to report to the Court thereafter will more efficiently administer this case and will not prejudice any party.

    16.  Defendants suggest that the remand discovery period commence on the date of entry of an Order granting this motion and continue for 45 days.  However, should the discovery not be completed in that time frame, Defendants request that the parties be allowed to seek

---

[1] To determine whether a resident defendant has been fraudulently joined, district courts should apply a standard similar to that used for a ruling on a motion for summary judgment under Federal Rule of Civil Procedure 56(b).  *See Crowe v. Coleman*, 113 F. 3d 1536, 1538 (11th Circuit 1997)(citations omitted).

additional time to complete remand discovery should it be necessary in the administration of justice. After the discovery period concludes, Defendants request fifteen (15) days for the parties to report to the Court.

WHEREFORE, premises considered, the Defendants respectfully request that the Court grant this motion and allow the parties to conduct a period of limited remand discovery in this case.

*s/ Pamela A. Moore*_____
JAMES W. LAMPKIN II (LAMPJ7474)
PAMELA A. MOORE (MOORP5421)
Attorneys for Defendants

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama  36602
(251) 432-1600
(251) 432-1700 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2006, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to the following:

Gary D. Bradshaw, Esq.
P.O. Box 311412
Enterprise, AL  36331-1412
gbradshaw@adelphia.net

Steven E. Blair, Esq.
P.O. Box 310843
Enterprise, AL  36331-0843
sblair506@hotmail.com

Dwain D. Hartwick, Esq.
P.O. Box 311526
Enterprise, AL  36331-1526
dhartwick@ala.net

Wilmer R. Tharpe, Esq.
621 W. State Highway 92
Newton, AL 36352-7935
wrtharpe@aol.com

*s/ Pamela A. Moore*_____
COUNSEL